Filed 4/20/21  P. v. Watkins CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES WATKINS,<br><br>    Defendant and Appellant. | H047453<br>(Monterey County<br> Super. Ct. No. SS011298A) |

Proposition 64, also known as the Control, Regulate and Tax Adult Use of Marijuana Act (the Act or Proposition 64), made various changes to California's regulation of marijuana.[1]  The Act generally permits adults (with certain exceptions) to engage in conduct that was previously criminal—including the use, possession, purchase, or cultivation of nonmedical marijuana.  The Act also created a statutory procedure, codified at Health and Safety Code section 11361.8,[2] which allows individuals currently serving a sentence for an offense subsequently decriminalized by Proposition 64 to

---

[1] Proposition 64 was enacted in 2016.  In 2017, the Legislature changed references to marijuana in the Health and Safety Code to cannabis.  (See *People v. Herrera* (2020) 52 Cal.App.5th 982, 987, fn. 2, review granted Oct. 14, 2020, S264339 (*Herrera*).)  In this opinion, we use the terms marijuana and cannabis interchangeably.

[2] Unspecified statutory references are to the Health and Safety Code.

request resentencing for or dismissal of the conviction. This appeal turns on whether possession of 28.5 grams or less of marijuana in prison is such an offense.

Appellant James Watkins appeals from a trial court order denying his petition under section 11361.8 to dismiss his conviction for possession of a controlled substance in prison (Pen. Code, § 4573.6). For the reasons explained below, we affirm the trial court's order.

## I. FACTS AND PROCEDURAL BACKGROUND

The parties agree that on March 11, 2001, Watkins—then an inmate of Salinas Valley State Prison—was found with a 5-inch sharpened piece of metal and three marijuana cigarettes. On June 27, 2001, the Monterey County District Attorney filed an information charging Watkins with possession of a deadly weapon by a prisoner (Pen. Code, § 4502, subd. (a); count 1) and possession of a controlled substance in prison (Pen. Code, § 4573.6; count 2). The information also alleged that Watkins had four "strike" priors (Pen. Code, § 1170.12, subd. (c)(2)) and had served a prior prison term (Pen. Code, § 667.5, subd. (b)). On September 13, 2001, a jury found Watkins guilty of counts 1 and 2. On October 31, 2001, the trial court found true the allegations that Watkins had incurred four prior strike convictions and had served a prior prison term. The trial court denied Watkins's motion to strike the prior strike convictions and sentenced him to 25 years to life with the possibility of parole on counts 1 and 2, to be served concurrently, and one year on the Penal Code section 667.5 enhancement, to be served consecutively to counts 1 and 2.

On October 1, 2019, Watkins filed a petition for resentencing or dismissal under section 11361.8, arguing that his conviction for count 2 qualified for dismissal under that provision as interpreted in *People v. Raybon* (2019) 36 Cal.App.5th 111, 119, review granted Aug. 21, 2019, S256978 (*Raybon*). Watkins further maintained that granting his petition for dismissal of the conviction would not pose an unreasonable risk of danger to public safety. The district attorney opposed Watkins's petition, contending that

2

Watkins's petition did not qualify for relief under section 11361.8 and *People v. Perry* (2019) 32 Cal.App.5th 885, review den. June 12, 2019, S255148 (*Perry*). On October 17, 2019, the trial court found *Perry* "more applicable" than *Raybon* and denied Watkins's petition. Watkins timely appealed the trial court's order.

## II. DISCUSSION

The California Courts of Appeal have reached different conclusions as to whether possession of 28.5 grams or less of marijuana or cannabis in prison or jail remains unlawful under Penal Code section 4573.6 after the passage of Proposition 64. (Compare *Perry*, *supra*, 32 Cal.App.5th 885, review den. June 12, 2019, S255148, *People v. Whalum* (2020) 50 Cal.App.5th 1(*Whalum*), review granted Aug. 12, 2020, S262935, and *Herrera*, *supra*, 52 Cal.App.5th at p. 982, review granted, with *Raybon*, *supra*, 36 Cal.App.5th 111, review granted.) The California Supreme Court will ultimately resolve the issue, but it has not yet done so.[3]

Watkins argues in this court that *Perry*, *supra*, 32 Cal.App.5th 885, review den. was wrongly decided. Watkins contends that the plain language of section 11362.45, subdivision (d) (which sets out an exception to the legalization of the possession of marijuana otherwise provided for by section 13362.1) applies only to ingesting or smoking marijuana in prison—not to its possession. Watkins argues that Proposition 64 has made possession of marijuana in prison legal, and therefore his conviction in count 2 was for an act that is no longer prohibited, rendering him entitled to relief under section 11361.8. He requests that this court vacate the trial court's order and order the trial court to grant his petition.

---

[3] The question before the California Supreme Court in *Raybon* is "Did Proposition 64 [the 'Adult Use of Marijuana Act'] decriminalize the possession of up to 28.5 grams of marijuana by adults 21 years of age or older who are in state prison as well as those not in prison?" In *Whalum*, S262935, and in *Herrera*, S264339, the Supreme Court ordered briefing deferred pending its decision in *Raybon*, S256978.

The Attorney General does not contest the facts of Watkins's case but, citing *Perry* and this court's more recent decision in *Herrera*, *supra*, 52 Cal.App.5th 982, review granted, argues the trial court correctly denied Watkins's petition for resentencing as a matter of law because possession of marijuana in prison remains a crime, even after the passage of Proposition 64.

This appeal presents a question of law with no facts in dispute to which we apply de novo review. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 981.)

We briefly summarize the relevant statutes. In 2016 voters enacted Proposition 64. (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of Prop. 64, § 1, p. 178 (Voter Information Guide).) Proposition 64 added section 11362.1 to the Health and Safety Code. This section generally allows the possession, smoking, and ingestion of cannabis, as well as the cultivation of cannabis plants by people 21 years of age or older, which previously had largely been unlawful. (See generally *Herrera*, *supra*, 52 Cal.App.5th at pp. 986–990, review granted.) Section 11362.1, in turn, carves out several statutory exceptions to the general rule that the use of marijuana is now lawful. One such exception appears at section 11362.45, subdivision (d), which retains the prohibition on "Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in [s]ection 4573 of the Penal Code." (§ 11362.45, subd. (d) (hereafter § 11362.45(d)).)

Section 11361.8, also added by Proposition 64 (Voter Information Guide, *supra*, text of Prop. 64, § 8.7, pp. 207–208), establishes a postjudgment procedure for filing a petition "for recall or dismissal of sentence . . . to request resentencing or dismissal" when "[a] person currently serving a sentence for a conviction . . . would not have been guilty of an offense, or . . . would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of

4

the offense."[4] (§ 11361.8, subd. (a).) Watkins brought his petition under section 11361.8, arguing that his conviction on count 2 for violating Penal Code section 4573.6 should be dismissed because he would not on these facts have been guilty of an offense post-Proposition 64.

In *Herrera*, *supra*, 52 Cal.App.5th 982, review granted, a case on direct appeal, this court considered whether the exception to section 11362.1 set out in section 11362.45(d) extends to Penal Code section 4573.6, which prohibits the possession of certain controlled substances in jail or prison—including, as in this case, marijuana. (*Herrera*, at p. 987.) Reviewing the history of Proposition 64, the relevant statutory texts, and principles of statutory construction, this court in *Herrera* concluded that "possession of cannabis in jail under Penal Code section 4573.6[, subdivision] (a) is a '[l]aw[] pertaining to smoking or ingesting' cannabis in prison or jail under Health and Safety Code section 11362.45(d)" (*Herrera*, at p. 991) and therefore remains a crime, notwithstanding Proposition 64.

In *People v. Taylor* (2021) 60 Cal.App.5th 115, 138, review granted Apr. 14, 2021, S267344, this court embraced and expanded upon its prior analysis in *Herrera*, and

---

[4] Upon receiving such a petition, the court must "presume the petitioner satisfies the criteria in [section 11361.8, subdivision (a)] unless the party opposing the petition proves by clear and convincing evidence that the petitioner does not satisfy the criteria." (§ 11361.8, subd. (b).) If there is not an adequate showing that the petitioner does not satisfy that criteria, the court must "grant the petition to recall the sentence or dismiss the sentence because it is legally invalid unless the court determines that granting the petition would pose an unreasonable risk of danger to public safety." (*Ibid.*) Section 11361.8 also permits "[a] person who has completed his or her sentence for a conviction under [s]ections 11357, 11358, 11359, and 11360 . . . , who would not have been guilty of an offense or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense, [to] file an application . . . to have the conviction dismissed and sealed because the prior conviction is now legally invalid or redesignated as a misdemeanor or infraction in accordance with [s]ections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 11362.3, and 11362.4 as those sections have been amended or added by that act." (§ 11361.8, subd. (e).)

similarly concluded that " 'Proposition 64 did not decriminalize the possession of cannabis in a penal institution.' " (*Ibid*.) In *Taylor*, this court affirmed the trial court's order denying relief under section 11361.8 for a conviction of Penal Code section 4573.6. (*Ibid*.)

We continue to adhere to the statutory analysis set forth in *Herrera* and *Taylor* and rely upon those opinions in deciding this appeal. Based on the legal analysis set forth therein, we conclude that possession of marijuana in a penal institution under Penal Code section 4573.6 remains a crime following the passage of Proposition 64. Therefore Watkins was not entitled to relief under section 11361.8.

## III.  DISPOSITION

The October 17, 2019 order denying the petition brought pursuant to Health and Safety Code section 11361.8 is affirmed.

_____
                      Danner, J.

WE CONCUR:

_____
Elia, Acting P.J.

_____
Bamattre-Manoukian, J.

**H047453**
*People v. Watkins*